**WO**                                                                                                       KM

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Darquine Wilson, | No. CV 07-1196-PHX-MHM (ECV) |
| Plaintiff, | **ORDER** |
| vs. | |
| Joe Arpaio, | |
| Defendant. | |

Plaintiff Darquine Wilson, who is confined in the Maricopa County Fourth Avenue Jail, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. The Court will order Defendant Arpaio to answer Counts I and II of the Complaint and will dismiss the remaining claim without prejudice.

**I.      Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $28.50. The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

**TERMPSREF**

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

## III. Complaint

Plaintiff names Maricopa County Sheriff Joe Arpaio as Defendant to the Complaint. Plaintiff raises three grounds for relief in the Complaint: (1) Plaintiff's First Amendment rights are violated by Defendant Arpaio's mail policy which only allows him to receive metered postcards; (2) conditions in the Jail, including insufficient food, unsanitary living conditions, and inadequate ventilation, violate Plaintiff's Eighth Amendment rights; and (3) Plaintiff's Fifth Amendment due process rights are violated by the Jail's flawed grievance system. Plaintiff seeks money damages.

Plaintiff's allegations in Counts I and II adequately state a claim and the Court will require Defendant Arpaio to answer these claims.

## IV. Failure to State a Claim

To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant. Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976). To state a claim against a supervisory official, the civil rights complainant must allege that the official personally participated in the constitutional deprivation or that a supervisory official was aware of widespread abuses and with deliberate indifference to the inmate's constitutional rights, failed to take action to prevent further misconduct. King v. Atiyeh, 814 F.2d 565, 568 (9th Cir. 1987); see Monell v. New York City Department of Social Services, 436 U.S. 658, 691 (1978). There is no *respondeat superior* liability under § 1983, and therefore, a defendant's position as the supervisor of persons who allegedly violated

1  Plaintiff's constitutional rights does not impose liability. Monell, 436 U.S. 658; Hamilton
2  v. Endell, 981 F.2d 1062, 1067 (9th Cir. 1992); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.
3  1989).

4  In Count III, Plaintiff claims that his due process rights are violated by a flawed
5  grievance system.  However, Plaintiff fails to link Defendant Arpaio's actions with the
6  grievance system.  Plaintiff claims that detention officers refuse to accept grievances or
7  retaliate against inmates for filing grievances, but he does not allege that Defendant Arpaio
8  personally participated in the actions he describes or knew of such conduct by the detention
9  officers and failed to act.  Accordingly, Count III will be dismissed for failure to state a
10 claim.

11 **V.    Warnings**

12 **A.    Release**

13 Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.
14 Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay
15 the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result
16 in dismissal of this action.

17 **B.    Address Changes**

18 Plaintiff must file and serve a notice of a change of address in accordance with Rule
19 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other
20 relief with a notice of change of address.  Failure to comply may result in dismissal of this
21 action.

22 **C.    Copies**

23 Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy
24 of every document that he files. Fed. R. Civ. P. 5(a).  Each filing must include a certificate
25 stating that a copy of the filing was served. Fed. R. Civ. P. 5(d).  Also, Plaintiff must submit
26 an additional copy of every filing for use by the Court.  See LRCiv 5.4.  Failure to comply
27 may result in the filing being stricken without further notice to Plaintiff.

28

**D.     Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Plaintiff's Application to Proceed *In Forma Pauperis*, filed with the Complaint, is **granted**.

(2)     As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $28.50.

(3)     Count III is **dismissed** without prejudice.

(4)     Defendant Arpaio must answer Counts I and II.

(5)     The Clerk of Court must send Plaintiff a service packet including the Complaint (Doc. #1), this Order, and both summons and request for waiver forms for Defendant Arpaio.

(6)     Plaintiff must complete and return the service packet to the Clerk of Court within 20 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(7)     If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(I).

(8)     The United States Marshal must retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

(9)     The United States Marshal must notify Defendant of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendant must include a copy of this Order. The Marshal must immediately file requests for waivers that were returned as undeliverable and

1 waivers of service of the summons. If a waiver of service of summons is not returned by
2 Defendant within 30 days from the date the request for waiver was sent by the Marshal, the
3 Marshal must:

4     (a)   personally serve copies of the Summons, Complaint, and this Order upon
5 Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

6     (b)   within 10 days after personal service is effected, file the return of service
7 for Defendant, along with evidence of the attempt to secure a waiver of service of the
8 summons and of the costs subsequently incurred in effecting service upon Defendant.
9 The costs of service must be enumerated on the return of service form (USM-285) and
10 must include the costs incurred by the Marshal for photocopying additional copies of
11 the Summons, Complaint, or this Order and for preparing new process receipt and
12 return forms (USM-285), if required. Costs of service will be taxed against the
13 personally served Defendant pursuant to Rule 4(d)(2) and (5) of the Federal Rules of
14 Civil Procedure, unless otherwise ordered by the Court.

15 (10) **If Defendant agrees to waive service of the Summons and Complaint, he**
16 **must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

17 (11) Defendant must answer Counts I and II of the Complaint or otherwise respond
18 by appropriate motion within the time provided by the applicable provisions of Rule 12(a)
19 of the Federal Rules of Civil Procedure.

20 (12) This matter is referred to Magistrate Judge Edward C. Voss pursuant to Rules
21 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings.

22 DATED this 13th day of September, 2007.

_____
Mary H. Murguia
United States District Judge